IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL LEOPOLD,<br><br>      Petitioner,<br>v.<br><br>C. A. TERHUNE,<br><br>      Respondent. | No. C 01-4217 SBA (pr)<br><br>ORDER TO SHOW CAUSE |

## INTRODUCTION

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the $ 5.00 filing fee. Venue is proper because Petitioner is challenging a conviction and sentence imposed by the Alameda County Superior Court, which is located in this judicial district. See 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner was convicted in the Alameda County Superior Court for murder with special circumstances, attempted murder and robbery. He was sentenced to life without parole, plus thirty-two years in prison. On May 31, 2000, the state appellate court affirmed Petitioner's conviction and sentence. On August 30, 2000, the California Supreme Court denied his petition for review.

On November 13, 2001, Petitioner filed his federal petition for a writ of habeas corpus. At the time Petitioner filed his original petition, he was represented by counsel. Petitioner asserted one claim in his original petition, and he promptly requested a stay of these proceedings to permit him to return to state court to exhaust additional claims. The Court granted the motion to stay proceedings, and Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court on July 11, 2002. On April 30, 2003, the California Supreme Court rejected Petitioner's additional claims.

On May 14, 2003, Petitioner's counsel withdrew from his representation of Petitioner. On May 15, 2003, Petitioner requested that the Court appoint counsel to represent him at public expense. The stay was lifted nunc pro tunc on May 15, 2003. (See Order dated April 23, 2004 at 4.) The Court denied Petitioner's Motion for Appointment of Counsel in an Order dated December 17, 2003 and granted

Petitioner's request for an extension to file an amended petition.

Petitioner apparently prepared his amended petition without professional assistance and filed it on April 7, 2004. On April 23, 2004, the Court issued an Order upon reviewing Petitioner's first amended petition. In that Order, the Court stated that Petitioner's original petition, which was prepared by an attorney, identified several claims he expected to present in a habeas petition to the state courts and then add to his federal petition by way of amendment. In his first amended petition, Petitioner asserted only two claims for relief. Because Petitioner did not assert any of the other potential claims that were identified in his original petition, the Court provided Petitioner an opportunity to file a second amended petition to include additional claims.

The Court now reviews Petitioner's second amended petition filed on May 25, 2004. As grounds for federal habeas relief, Petitioner raises three claims, each asserting federal grounds for relief and each allegedly exhausted in his petition for review and petition for writ of habeas corpus in the California Supreme Court. Petitioner asserts:

(1) that his due process rights were violated when the trial court admitted the guilty pleas of his two co-defendants, even though only one of those co-defendants testified at trial;

(2) that the appellate court's order "precluded Petitioner from obtaining a complete trial record solely because Petitioner was too poor violated Petitioner's federal and state constitutional rights to due process, equal protection and . . . effective assistance of counsel;"[1] and

(3) ineffective assistance of his trial and appellate counsels, in violation of the Sixth and Fourteenth Amendments and the State Constitution.

Second Am. Pet. at 6-7.

Petitioner's claims are sufficient to require a response because he asserts federal grounds for relief

---

[1] Originally, the Court dismissed the section of this claim pertaining to ineffective assistance of appellate counsel because the "addition of the claim by amendment does not relate back to the filing date of the original petition." (See Order dated April 23, 2004 at 2.) However, after the Court issued its April 23, 2004 Order, the Ninth Circuit held that habeas claims raised in an amended petition can relate back to the original petition. See Felix v. Mayle, 379 F.3d 612, 616-17 (9th Cir. 2004) (new coerced confession claim related back to the original petition that raised only a factually distinct Confrontation Clause claim). Therefore, the Court reinstates Petitioner's claim that "reversal is required because of the Sixth and Fourteenth Amendment violations to ineffective assistance of appellate counsel because he failed to include the complete reporters [sic] transcripts necessary for presentation of potential appellate arguments which is a Sixth and Fourteenth Amendment violation." Am. Pet. at 7.

and alleges that his remedies with respect to each claim raised have been fully exhausted either in Petitioner's petition for review or in his state habeas corpus petition.

## DISCUSSION

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Rose v. Hodges, 423 U.S. 19, 21 (1975). The court shall issue an order directing the respondent to show cause why the writ should not be granted unless it plainly appears from the petition that the petitioner is not entitled to relief. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

Because it appears that Petitioner has fully exhausted his remedies with respect to each claim he raises in his federal petition, see 28 U.S.C. § 2254(b), (c); because it appears that the petition was timely filed, see 28 U.S.C. § 2244(d); and because Petitioner raises claims cognizable in a petition filed pursuant to § 2254, Respondent is directed to SHOW CAUSE why the petition should not be granted.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk of the Court shall serve by certified mail a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the Petitioner at his most current address.

2. Respondent shall file with this Court and serve upon Petitioner, no later than **forty-five (45) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the State trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than **forty-five (45) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **forty-five (45) days** after the

date Petitioner is served with Respondent's Answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion no later than **forty-five (45) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply no later than **fifteen (15) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address by filing a separate paper with the Clerk of the Court headed "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time allowed or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 5/17/05                         s/Saundra Brown Armstrong
                                       SAUNDRA BROWN ARMSTRONG
                                       United States District Judge